**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 17-cv-02118-JLK-GPG

RANDI LATHAM,
CHERYL SOUCY, and
MISTY WALKER,

      Plaintiffs,

v.

HIGH MESA COMMUNICATIONS,
HIGH MESA COMMUNICATIONS, LLC,
ROBERT FISHERING, and
DAVID FISHERING,

      Defendants.

---

**ORDER OVERRULING OBJECTIONS TO AND ADOPTING JANUARY 13, 2020
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Kane, J.

This matter is before the Court on the January 13, 2020 Recommendation by U.S. Magistrate Judge Gordon P. Gallagher (ECF No. 82) (the "Recommendation") that Defendants' Motion for Summary Judgment (ECF No. 52) be granted in part and denied in part. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

The Recommendation advised the parties that specific written objections were due within fourteen days after being served with a copy of the Recommendation. (ECF No. 82 at 1-2, n. 2.) Defendants filed a timely Objection (ECF No. 84), arguing that Magistrate Judge Gallagher erred

1

in finding that Defendants are not entitled to summary judgment on Plaintiffs' Fair Labor Standards Act (FLSA) claim.

As required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), I have reviewed *de novo* all portions of the Recommendation to which objections have been filed, and have considered carefully the Recommendation, Defendants' Objection, Plaintiffs' Response to the Objection (ECF No. 85), and the applicable case law. The Recommendation is detailed and well-reasoned, and Defendants' objections are unpersuasive. For the reasons set forth below, Defendants' objections are overruled and the Motion for Summary Judgment is granted in part and denied in part.

## DISCUSSION

Defendants raise two objections to the Magistrate Judge's recommendation, thereby waiving a challenge to all other issues. *See Ray v. Bradford*, 612 Fed. Appx. 537, 538 (10th Cir. 2015); *Cohen v. Longshore*, 621 F.3d 1311, 1318 (10th Cir. 2010). First, Defendants argue that Magistrate Judge Gallagher utilized the incorrect standard when evaluating whether an FLSA exemption applied to Plaintiff Soucy's employment. Second, Defendants contend that Magistrate Judge Gallagher erred by failing to consider Defendants' additional argument that the Plaintiffs had not set forth any evidence of alleged hours worked.

### 1. Standard for Evaluating FLSA Exemptions

Defendants' objection regarding the proper standard for determining whether Plaintiff Soucy was exempt is premised on the Magistrate Judge's single statement that the "[executive] exemption is interpreted narrowly against employers." *See* Defs.' Objection at 3; Recommendation at 7. Magistrate Judge Gallagher cited for this proposition the 2015 Tenth Circuit case *Ellis v. J.R.'s Country Stores, Inc.*, 779 F.3d 1184, 1188 (10th Cir. 2015).

Defendants are correct that in 2018 the Supreme Court altered the long-standing practice of interpreting FLSA exemptions "narrowly" and instead held that they should be interpreted "fairly." *Encino Motorcars, LLC v. Navarro*, 138 S.Ct. 1134, 1141-42 (2018) (rejecting "as a useful guidepost" the general "principle that exemptions to the FLSA should be construed narrowly" and holding that FLSA exemptions must receive a "fair reading"). However, *Encino* dealt with statutory interpretation to determine the scope of an exemption, not how facts relevant to the exemption should be construed. *See id.* at 1138-43. And, notwithstanding *Encino*, the employer still has the burden of showing the exemption applies. *Wilson v. Schlumberger Tech. Corp.*, No. 17-cv-00281, 2019 WL 1916200, *2 (D. Colo. April 24, 2019) (acknowledging that "the employer's burden is somewhat relaxed" following *Encino* but affirming that the employer still "bears the burden to prove that plaintiffs fall within the [ ] exemption").

At least one federal district court has found that the principle for construing FLSA exemptions set out in *Encino* does not by itself warrant reconsideration of a ruling denying summary judgment. *See Wilkins v. Just Energy Grp. Inc.*, 2019 WL 1317756, *3 (N.D. Ill. March 22, 2019). In *Wilkins*, the court observed that the defendants' motion for summary judgment was denied "because there were genuine factual disputes material to whether [the employee] qualified" for an exemption. *Id.* at *2. Therefore, reconsideration was inappropriate because the "summary judgment ruling did not turn on any general principle of statutory construction reading [FLSA exemptions] narrowly" and "the fact issues identified by the court would still require denial of summary judgment." *Id.* at *3.

Here, there is no dispute over the interpretation or scope of the regulatory exemptions, and it is clear that Magistrate Judge Gallagher's determination was based on the existence of questions of fact as to elements of the exemptions. The Magistrate Judge thoroughly evaluated

the record and identified genuine disputes of fact as to Soucy's "primary" duties and whether his primary duties included the exercise of discretion and independent judgment sufficient to qualify him as an exempt employee. *See* Recommendation at 7-9. The Magistrate Judge correctly concluded that these factual disputes preclude summary judgment, and Defendants have failed to explain how construing the exemptions fairly rather than narrowly would alter the outcome.

Therefore, aside from the statement that the "[executive] exemption is interpreted narrowly against employers," *id.* at 7, the Recommendation denying summary judgment as to the FLSA claim is adopted.

### 2. Additional Argument Regarding Number of Hours Worked

Defendants next object to the Magistrate Judge's recommendation on the grounds that they are entitled to summary judgment because Plaintiffs failed to produce evidence of actual overtime hours worked. *See* Defs.' Mot. at 6. Nowhere in their Motion for Summary Judgment did Defendants argue that Plaintiffs did not work, or lacked evidence that they worked, over 40 hours in a workweek. Defendants did not raise this new argument until their reply. *See* Defs.' Reply at 49-50, ECF No. 66. Yet they now argue that the Magistrate Judge erred by failing to take the additional, untimely argument into consideration. I agree with Plaintiffs that, because Defendants failed to properly raise the argument in their motion, the issue was waived and the Magistrate Judge did not err in disregarding it. *See M.D. Mark, Inc. v. Kerr-McGee Corp.*, 565 F.3d 753, 768 n.7 (10th Cir. 2009) ("[T]he general rule in [the Tenth Circuit] is that a party waives issues and arguments raised for the first time in a reply brief . . . ."); *Alpine Bank v. Hubbell*, No. 05–cv–00026, 2007 WL 219121, at *3 (D. Colo. Jan. 26, 2007) (choosing not to consider a moving party's new arguments raised for the first time in the reply because a party "should not be permitted to 'sandbag' its adversary") (citation omitted).

Furthermore, Defendants did not demonstrate the absence of a question of fact and failed to meet their initial summary judgment burden. *See Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002) ("Under Rule 56(c), the moving party bears the initial burden of presenting evidence to show the absence of a genuine issue of material fact."). "If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything . . . [and] may defeat the motion for summary judgment without producing anything." *Id.* (internal quotation omitted).

## CONCLUSION

I conclude that Magistrate Judge Gallagher's analysis of the issues was thorough and his conclusions regarding the appropriateness of summary judgment were correct. Defendants have not shown that the holding in *Encino* requiring a "fair" interpretation of FLSA exemptions would have changed the Magistrate Judge's analysis or the outcome. Magistrate Judge Gallagher identified numerous disputes of fact that, under the applicable regulatory exemptions, would still require denial of summary judgment.

I further find that Defendants did not properly raise the issue of the number of hours worked in their Motion for Summary Judgment, and thus the Magistrate Judge did not err in disregarding it. *See Alpine Bank*, 2007 WL 219121, at *3 ("[R]ather than granting the [nonmoving party] leave to file a surreply, I choose not to consider [the moving party's] new arguments.").

ACCORDINGLY, IT IS ORDERED as follows:

1. That Magistrate Judge Gallagher's Recommendation on Defendants' Motion for Summary Judgment (ECF No. 82), filed January 13, 2020, is APPROVED and ADOPTED as an

order of this Court, with the exception of the statement on page 7 that the "[executive] exemption is interpreted narrowly against employers";

2. That the objections stated in Defendants' Objection (ECF No.84) are OVERRULED; and

3. That Defendants' Motion for Summary Judgment (ECF No. 52), filed May 10, 2019, is GRANTED IN PART AND DENIED IN PART.

DATED this 7th day of February, 2020.

*John L. Kane*
JOHN L. KANE
SENIOR U.S. DISTRICT JUDGE